# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ADA A. GONZALEZ,**

      **Plaintiff,**

**vs.**                        **Case No. 4:19cv507-MW/CAS**

**U.S. BANK TRUST NATIONAL ASSOCIATION, etc.**

      **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by filing an "emergency complaint for declaratory judgment." ECF No. 1. Plaintiff submitted an in forma pauperis motion at the time of case initiation which is generally sufficient to support the motion. ECF No. 2. Plaintiff's motion is granted and Plaintiff is not required to pay the filing fee for this case.

Plaintiff is seeking to "enforce her" constitutional rights which she alleges were violated because the Eighteenth Judicial Circuit Court in Seminole County, Florida, and the Florida Fifth District Court of Appeals "failed to adhere to the requirements at law" and denied her equal

protection of the law.  ECF No. 1 at 1-2.  Plaintiff contends "the State of Florida Court has obstructed the due course of justice on Plaintiff's righteous legal cases" by issuing an order that enjoined Plaintiff "from filing as *pro se* litigant in <u>all her legal maters</u> . . . ."  *Id.* at 2.

As relief, Plaintiff seeks injunctive relief and to stay proceedings in state court.  *Id.* at 2.  In particular, Plaintiff requests that this Court "restore Plaintiff access to the court as *pro se* litigant and or to force the State of Florida Court to accept Plaintiff's motions and pleadings as *pro se* litigant in all her legal matters."  *Id.* at 11.  Plaintiff also seeks a declaratory judgment. *Id.*

There are numerous deficiencies with Plaintiff's complaint, not the least of which include an inconsistent and vague listing of Defendants, and insufficient facts to support Plaintiff's conclusory allegations. Notwithstanding, there are several more fatal deficiencies.  First, Plaintiff is once again attempting to prevent or, at this point, overturn a state foreclosure action.  This is not the first case Plaintiff has initiated in this Court which is an attempt to block the foreclosure of property in Seminole County, Florida.  *See* case # 4:19cv128-MW-CAS (dismissed on June 11, 2019), and case # 4:17cv502-WS-CAS (stayed pursuant to the *Colorado*

Case No. 4:19cv507-MW/CAS

*River* abstention pending resolution of the underlying state foreclosure action).  Plaintiff has already been advised that this Court cannot be used as a means to invalidate state court orders.  *See* ECF No. 8 of case # 4:19cv128.  Plaintiff has been informed that pursuant to the *Rooker-Feldman* doctrine, a federal district court lacks authority to review state court judgments which cause injury to a plaintiff.[1]  *Id.*

"The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes federal district courts from reviewing 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (quoted in Macleod v. Bexley, 730 F. App'x 845, 847 (11th Cir. 2018)); *see also* Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  Here, according

---

[1] Attached to Plaintiff's complaint is a "certificate of sale" from case 2016-CA-001283, which reveals the property was sold on June 20, 2019, and proceeds were "retained for distribution in accordance with the Order of Final Judgment or law."  ECF No. 1 at 22.  It would appear that the underlying foreclosure action has ended.

to Plaintiff, state courts in Florida have issued orders which are unlawful. ECF No. 1 at 5-8.  Plaintiff seeks to overturn those judgments and orders, and, in particular, she wants this Court to permit her to "defend and to sue for the redressable harm inflicted upon her . . . ."  *Id.* at 8.  This Court lacks jurisdiction to do so.  Having lost in state court, Plaintiff's avenue of relief is to pursue appeals through the state court system and then to the United States Supreme Court.  This Court does not, however, have jurisdiction to sit as an appellate court and review orders entered by state courts.

Moreover, to the degree Plaintiff's complaint could be read as challenging a state court order which enjoined her from filing pro se matters, Plaintiff is advised that prohibiting a vexatious litigant from filing documents pro se does not violated the Equal Protection Clause.  Smith v. Bondi, No. 4:14cv606-RH/CAS, 2015 WL 3843860, at *3 (N.D. Fla. June 22, 2015), *aff'd sub nom.* Smith v. Attorney Gen., 637 F. App'x 574 (11th Cir. 2016) (finding "[t]here is a rational basis for the imposition of additional burdens on vexatious litigants who often impose burdens on both courts and defendants").  The Eleventh Circuit Court of Appeal has "repeatedly has held that federal courts have the power to manage their dockets and curb vexations litigation."  Woodroffe v. Attorney Gen., No. 8:08-CV-1838-

T-30EAJ, 2009 WL 320863, at *2 (M.D. Fla. Feb. 9, 2009) (quoting May v.

Maass, 2005 WL 2298296, *3 (11th Cir. Sept. 22, 2005)).[2]

It is also true that a "vexatious litigant does not have a First

Amendment right to abuse official processes with baseless filings in order

to harass someone to the point of distraction or capitulation."  Riccard v.

Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002) (affirming

injunction which prohibited the filing of any action without first obtaining

leave of court did not violate the First Amendment).

> "As noted by the United States Supreme Court, '[e]very paper
> filed with the Clerk of this Court, no matter how repetitious or
> frivolous, requires some portion of the institution's limited
> resources. A part of the Court's responsibility is to see that
> these resources are allocated in a way that promotes the
> interests of justice.'"  In re McDonald, 489 U.S. 180, 184, 109 S.
> Ct. 993, 103 L. Ed. 2d 158 (1989) (quoted in May, 934 So.2d at
> 1187)).  There is a compelling interest in providing justice to
> litigants and enabling courts to work efficiently without the
> burden on judicial resources of processing frivolous or
> repetitious filings.

Smith, 2015 WL 3843860, at *2.  Thus, Plaintiff is advised that a court may

impose requirements upon litigants as deemed appropriate to prevent

---

[2] It appears that the proper citation for that case should be United States v.
Maass, No. 05-11632, 2005 WL 2298296, at *3 (11th Cir. Sept. 22, 2005) (holding that
district court's "have the power to manage their dockets and curb vexatious litigation:
and dismissal under Rule 41 in exercising that power "was not an abuse of discretion").

abuse of the judicial process.  Doing so is not, *per se,* unconstitutional.

Accordingly, despite the fact that this Court lacks authority to review

Plaintiff's state court proceedings, a challenge to an order which requires a

litigant to be represented by counsel and prohibits continued pro se filings

would lack merit.

Because this Court lacks jurisdiction to review state court

proceedings, this case should be summarily dismissed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion requesting leave to proceed in forma pauperis,

ECF No. 2, is **GRANTED**.

2.  The Clerk of Court shall file Plaintiff's "emergency complaint," ECF

No. 1, without requiring Plaintiff to pay the filing fee for this action.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this

case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**